UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LUIS CEGUEDA PEDRAZA,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>Respondents. | Case No. 2:26-cv-00051-RFB-NJK<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION** |

Pending before the Court is Petitioner Luis Cegueda Pedraza's Motion for Preliminary Injunction (ECF No. 2), challenging the lawfulness of his detention at Henderson Detention Center in the custody of Federal Respondents. The Court ordered Respondents to show cause why a preliminary injunction should not be granted by January 15, 2025. See ECF No. 3. The Court then granted Respondents an extension of the deadline until January 20, 2026. See ECF No. 9. Federal Respondents filed their Response on January 20, 2026, accordingly. See ECF No. 10. To date, Petitioner has not filed a reply. For the following reasons, the Court grants the Motion and orders Respondents to provide Petitioner with a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a).

The Court makes the following findings of fact based on the record. Petitioner is from Mexico and is a longtime resident of the United States who has developed familial, community, and employment-related ties to this country since his entry without inspection over seven years ago. Petitioner was taken into custody by Immigration and Customs Enforcement ("ICE") officers in late November 2025 after an arrest in Las Vegas, far from any border or port of entry, and he has been detained without bond pursuant to the government's new policy, effective July 8, 2025, of subjecting all noncitizens who entered the country without inspection to mandatory detention

during the pendency of removal proceedings, which can take months or years. The new policy is based on the government's reinterpretation of the statutory text of Immigration and Nationality Act ("INA"), specifically 8 U.S.C. § 1225(b)(2)(A), in contravention of decades of consistent agency practice and current regulations, which previously guaranteed noncitizens similarly situated to Petitioner the opportunity to be released on bond under 8 U.S.C. § 1226(a). See Escobar Salgado v. Mattos, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356, at *5-6 (D. Nev. Nov. 17, 2025) (describing the government's new detention policy based on its reinterpretation of § 1225(b)(2)(A)).

The Department of Homeland Security ("DHS") has alleged Petitioner is inadmissible as "an alien present in the United States who has not been admitted or paroled" pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and asserts that he is subject to detention under § 1225(b)(2)(A). While detained, Petitioner requested a custody redetermination hearing (*i.e.*, bond hearing) before an immigration judge of the Las Vegas Immigration Court, and the IJ found that he lacked jurisdiction to authorize Petitioner's release on bond based on the Board of Immigration Appeals (BIA) precedential decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) ("Hurtado"), which formally adopted the government's new interpretation of § 1225(b)(2)(A) and binds immigration judges (IJs) to categorically reject bond for individuals like Petitioner. Because of Hurtado, Petitioner remains in detention in the custody of Federal Respondents at Henderson Detention Center without any opportunity for release on bond.

As an initial matter, the Court has habeas jurisdiction to review Petitioner's challenge to the lawfulness of his detention, because the relevant jurisdiction stripping provisions of the INA, 8 U.S.C. § 1252 do not apply. See Escobar Salgado, 2025 WL 3205356, at *8-10; Hernandez Duran v. Bernacke, 2:25-cv-2105-RFB-EJY, 2025 WL 3237451, at *4 (D. Nev. Nov. 19, 2025). The Court also fully incorporates by reference its prior finding that administrative exhaustion is excused as futile due to the BIA's decision in Hurtado. Jacobo Ramirez v. Noem, No 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *5-6 (D. Nev. Nov. 24, 2025).

The Court finds that Petitioner has satisfied the Winter factors and is therefore entitled to a preliminary injunction ordering a bond hearing pursuant to 8 U.S.C. § 1226(a). Winter v. Natural

1  Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (setting forth factors for preliminary injunction). To
2  obtain a preliminary injunction, a plaintiff must establish four elements: (1) a likelihood of success
3  on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary
4  relief, (3) that the balance of equities tips in its favor, and (4) that the public interest favors an
5  injunction. Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc., 758 F.3d 1069, 1071 (9th Cir.
6  2014), as amended (Mar. 11, 2014) (citing Winter, 555 U.S. at 22).

7        The Court finds Petitioner has established a likelihood of success on the merits of his
8  statutory and due process challenges to his continued detention. This Court previously found in
9  Escobar Salgado that the government's new interpretation of § 1225(b)(2)(A) is incorrect given
10 the statutory text and structure, and that its new policy of detaining noncitizens like Petitioner
11 violates § 1226(a) of the INA, its implementing regulations, and the Due Process Clause of the
12 Fifth Amendment. See 2025 WL 3205356, at *10-26 (D Nev. Nov. 17, 2025). The Court
13 incorporates by reference and adopts those same findings and legal conclusions here. See id.

14       First, in regard to the INA challenge, the Court finds that Petitioner, as a long-term U.S.
15 resident with significant ties to the country who was arrested in the interior eight years after
16 entering, is entitled to a bond hearing under § 1226(a) and its implementing regulations. See
17 Escobar Salgado. 2025 WL 3205356, at *10-22.

18       Further, the Court finds Petitioner has established a likelihood of success on the merits of
19 his due process challenge to his ongoing detention with opportunity for release on bond. The
20 procedural due process factors under Mathews v. Eldridge, 424 U.S. 319 (1976), weigh heavily in
21 favor of Petitioner because (1) the private interest affected is the fundamental liberty interest in
22 being free from imprisonment; (2) the risk of erroneous deprivation is extraordinarily high where
23 ICE and DHS agency officials have sole, unguided, and unreviewable discretion to detain
24 Petitioner without any individualized showing of why his detention is warranted, nor any process
25 for Petitioner to challenge the exercise of that discretion; (3) the government's interest in enforcing
26 immigration laws is served by the individualized determinations by an immigration court, based
27 on a review of evidence presented by the government and the noncitizen, as to whether an
28 individual is dangerous or at risk of fleeing removal proceedings, under existing, well-established

procedures, *and* the government has no interest in the unjustified deprivation of a person's liberty. Id. at 334-35; See also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention under 8 U.S.C. § 1226(a)). Finally, because Respondents have asserted no individualized justification—let alone a special or compelling justification—to continue to deprive Petitioner of his physical liberty, this Court finds that Petitioner's continued detention without opportunity for release on bond violates his substantive due process rights. See Escobar Salgado, 2025 WL 3205356, at *25.

The Court also finds Petitioner has clearly established that he faces imminent irreparable injury in the absence of preliminary injunctive relief. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting Elrod v. Burns, 427 U.S. 347, 373 (1976)). Hence, "[w]hen an alleged deprivation of a constitutional right is involved, most courts hold no further showing of irreparable injury is necessary." Vasquez Perdomo v. Noem, 148 F.4th 656, 689 (9th Cir. 2025) (citation omitted). Since this Court has already concluded that Petitioner is being detained without a constitutionally adequate bond hearing in violation of his constitutional due process rights, it follows "inexorably" that Petitioner has carried his burden as to irreparable harm. See Hernandez v. Sessions, 872 F.3d 976, 995 (9th Cir. 2017). Likewise, the minimal, if not nonexistent, burden on the government of adhering to established procedures under § 1226(a), as compared to the preventable human suffering, *e.g.*, financial and emotional burdens on both Petitioner and his family in Las Vegas, in addition to the fundamental harm of arbitrary executive detention, demonstrates that the balance of the equities and public interest tip sharply in Petitioner's favor. Id. at 995-96 ("the public interest benefits from an injunction that ensures that individuals are not deprived of their liberty and held in immigration detention because of . . . likely unconstitutional process.").

Injunctive relief "should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiffs before the court." E. Bay Sanctuary Covenant v. Biden, 993 F.3d 640, 680 (9th Cir. 2021) (citation modified). "Where relief can be structured on an individual basis, it must be narrowly tailored to remedy the specific harm shown[.]" Id. (citation omitted). The

federal habeas corpus statute "does not limit the relief that may be granted to discharge of the applicant from physical custody." Carafas v. LaVallee, 391 U.S. 234, 238 (1968). "Its mandate is broad with respect to the relief that may be granted." Id. "It provides that '[t]he court shall ... dispose of the matter as law and justice require.'" Id. (quoting 28 U.S.C. § 2243). Here, the Court finds that the specific harm suffered by Petitioner—prolonged detention without a constitutionally-adequate, statutorily-required bond hearing establishing that his continued detention is warranted—is remedied by ordering an individualized bond hearing pursuant to § 1226(a) and enjoining Respondents from preventing his release on the basis that he is detained under § 1225(b)(2).

Under Federal Rule of Civil Procedure 65(c), a court "may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). "Despite the seemingly mandatory language, 'Rule 65(c) invests the district court with discretion as to the amount of security required, if any.'" Johnson v. Couturier, 572 F.3d 1067, 1086 (9th Cir. 2009) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 919 (9th Cir. 2003)). "In particular, 'the district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct.'" Id. (citation modified) (quoting Jorgensen, 320 F.3d at 919). Respondents have not argued that providing Petitioner a bond hearing will be costly. Therefore, the Court declines to impose bond beyond the amount that may be imposed by an IJ under § 1226(a) upon a grant of bond.

Based on the foregoing **IT IS HEREBY ORDERED** that Petitioner's Motion for a Preliminary Injunction is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) no later than **January 30, 2026**. In the event that bond is granted, Respondents are **ORDERED** to **immediately release** Petitioner.

**IT IS FURTHER ORDERED** that if the individualized bond hearing is not conducted by **January 30, 2026**, Petitioner shall be **immediately released** until it is determined that his detention is warranted under 8 U.S.C. § 1226(a).

- 5 -

**IT IS FURTHER ORDERED** that Respondents are enjoined from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). Thus, in the event that bond is granted, the Court **ORDERS** that Respondents are **enjoined** from invoking the automatic stay to continue Petitioner's detention, as the Court has already found the automatic stay unconstitutional and adopts that finding here. Herrera v. Knight, No. 2:25-CV-01366-RFB-DJA, 2025 WL 2581792, at *13 (D. Nev. Sept. 5, 2025).

The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond, therefore, **IT IS FURTHER ORDERED** that Petitioner shall have until **March 17, 2026**, to satisfy the monetary bond conditions

**IT IS FURTHER ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing by **February 2, 2026**. The status report shall detail if and when the bond hearing occurred, if bond was granted or denied, and if denied, the reasons for that denial.

**IT IS FURTHER ORDERED** that on or before **February 23, 2026**, the parties shall file a stipulated proposed scheduling order for full briefing on the merits of the Petition.

**DATED:** January 28, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**